**DISTRICT OF COLUMBIA, Petitioner,**

v.

**CITIES SERVICE OIL COMPANY, Respondent.**

**No. 14238.**

United States Court of Appeals District of Columbia Circuit.

Argued April 21, 1958.

Decided May 29, 1958.

---

* Sitting by designation pursuant to the provisions of Sec. 291 (a), Title 28 U.S.Code.

Mr. Leo J. Ehrig, Jr., Asst. Corp. Counsel for the District of Columbia, with whom Mr. Chester H. Gray, Corp. Counsel, Mr. Milton D. Korman, Principal Asst. Corp. Counsel, and Mr. Henry E. Wixon, Asst. Corp. Counsel, were on the brief, for petitioner.

Mr. George H. Colin, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Mr. Kahl K. Spriggs, Washington, D. C., was on the brief, for respondent.

Before EDGERTON, Chief Judge, and PRETTYMAN and FAHY, Circuit Judges.

PER CURIAM.

This is a petition to review a decision of the District of Columbia Tax Court. It concerns the local corporate franchise tax on the privilege of carrying on business and receiving income from sources within the District. The statute provides that the words "trade or business", as used therein, shall not include sales of tangible personal property by a corporation "which does not physically have or maintain an office, warehouse, or other place of business in the District, and which has no officer, agent, or representative having an office or other place of business in the District, during the taxable year".[1]

Cities Service Oil Company in the years here involved had offices and a warehouse in nearby Virginia. Salesmen employed by the company sold motor fuel to dealers in the District of Columbia, and the Company trucked the product to the local stations. It had a plant in Maryland, where it stored tires, batteries, and other accessories. A dealer named Green, whose place of business was in the District of Columbia, was a wholesaler of such merchandise.

The Tax Court found as a fact that Cities Service had no office, warehouse, or place of business in the District and that none of its salesmen had an office, warehouse, or place of business here. It entered judgment for the Company. The District urges that either Mr. Green or a telephone answering service (apparently the usual such service, where an operator takes calls when regular phones do not answer), or both, represent Cities Service offices in the District. The Tax

1. 61 Stat. 332 (1947), amended, 62 Stat. 206 (1948), D.C.Code § 47–1551c(h) (1951).

Court found as a fact that Mr. Green "acted as sort of a wholesaler" and "was not employed by the petitioner."

The District argues that Cities Service is estopped to deny that it has a representative here, because for several years, on its application for a motor fuel importer's license, it entered in the blank space calling for the name and address of its "resident general agent" its own corporate name and an address on Georgia Avenue (premises not operated by it). Its own name and such an address could hardly be taken as a declaration that the Company had a resident general agent with an office or place of business— "physically", the statute says. The corporation is not its own agent; and an address is not necessarily an office, warehouse, or place of business. We agree with the Tax Court on the point.

The findings of the Tax Court are supported by ample evidence. Its decision is

Affirmed.